JiCIACCIO, Judge.
This appeal arises from a judgment of the trial court granting an insurer’s exceptions of no cause of action, no right of action and a motion for summary judgment on the issue of insurance coverage. We affirm.
Plaintiff, 511 Bourbon Street Corporation d/b/a Takee Outee, Inc., brought this suit against First Financial Insurance Company under a comprehensive general liability policy which was issued by First Financial on September 15, 1992.[1] Plaintiff alleged in *1089 this petition that First Financial arbitrarily denied coverage and a legal defense under the subject policy in connection "with a suit previously brought against two of 511’s executive officers by Kanethea Chau, a former employee of 511. The facts in the record before us regarding this underlying suit are as follows:
On March 2,1993, Kanethea Chau (hereinafter “Chau”), individually and on behalf of her minor child, Theodore Chau, filed a suit against Takee Outee of Bourbon, Inc., as a result of an injury Kanethea Chau sustained on October 7, 1992 when a piece of ceiling plaster fell on her head. At the time of the accident, Chau was employed by 511 Bourbon Street Corporation, d/b/a Bourbon Street Bistro, (hereinafter “511”), which had leased its premises from Takee Outee. Chau alleged in her petition that Takee Outee was strictly liable as owner of the building in which the accident occurred. Chau further alleged that she was disabled as a result of this injury, and she did not return to her employment with 511 following the accident.
Ms. Chau subsequently amended her petition to name as defendant First Financial, alleging that the insurer provided insurance coverage to defendant Takee Outee. In fact, although the insurance policy listed 511 Bourbon Street d/b/a Bourbon Street Bistro as the named insured, pursuant to an agreement between the parties, Takee Outee, the owner of the building, was listed as an additional insured by the First Financial policy.
In addition to the tort suit filed against the building owner and its insurer, Chau filed a claim for worker’s compensation benefits against her employer in a proceeding entitled “Kanethea Chau v. Bourbon Street Bistro.” During the course of the worker’s compensation proceedings, claimant’s attorney noticed the deposition of two of the corporate officers of 511, Gaetana Edin and Constance Fuoco. The depositions were held on July 7, 1993, wherein Edin and Fuoco answered questions pertaining to Chau’s earnings at 511 in order to determine the amount of compensation benefits due. Chau contended that the salary figures provided by Edin and Fuoco were erroneous and were an attempt by her employer to deny her worker’s compensation benefits.
On the basis of this testimony, Chau subsequently amended her tort suit against Takee Outee and First Financial to name as defendants Gaetana Edin and Constance Fuoco. 511 Bourbon Street Corporation was not named as a defendant in this suit. In this petition, Chau alleged that Edin and Fuoco were eo-eonspirators in a scheme to defraud plaintiff of worker’s compensation benefits. Chau asserted causes of action for wrongful misrepresentation, fraud, failure to disclose information, breach of fiduciary duty and liability under La. C.C. art. 2315.
As a result of Chau’s original and amending petitions in this underlying lawsuit, 511 Bourbon Street Corporation filed the instant suit against First Financial seeking insurance coverage for 511’s defense of Chau’s suit and for liability coverage. 511 subsequently amended its petition to include as plaintiffs in this action Edin and Fuoco, who had been personally named as defendants in Chau’s suit.
The original suit filed by Chau and the subsequent suit filed by 511 and Edin and Fuoco were consolidated by the trial court. First Financial was named as defendant in both suits. In response to the allegations of 511, Edin and Fuoco, First Financial filed peremptory exceptions of no right of action and no cause of action and in the alternative a motion for summary judgment. First Financial argued that 511 had no right of action because it was not named as a defendant in the suit brought by Chau. Further, First Financial argued that the injuries alleged in Chau’s amending petition against Edin and Fuoco arose out of her employment with 511, and coverage was therefore excluded under the “suits by employees” exclusion of the subject policy.
511 argued in opposition that as executive officers of the corporation, Edin and Fuoco were covered under the First Financial policy which listed the corporation as the named insured. 511 argued that as the officers were the named defendants in the Chau suit, they have a right of action against the insurer. 511 further argued that the subject policy provided coverage because at the time of the occur *1090 rence in this case, i.e. the statements made in the deposition, Chau was no longer an employee of 511, and the “suits by employees” exclusion is therefore not applicable.
The trial court sustained First Financial’s exceptions of no cause of action and no right of action, and also granted the motion for summary judgment, dismissing the suit brought by 511, Edin and Fuoco against First Financial. Subsequently, 511, Edin and Fuoco requested a rehearing of the court’s ruling on the basis that summary judgment is not appropriate for plaintiffs defamation allegations because of the necessity of determining intent. Following a hearing, the trial court denied the rehearing and reaffirmed its original ruling, orally stating as follows:
What I am saying is that the original summary judgment that I rendered was well founded in that this matter doesn’t apply because there was exclusively a workers’ compensation issue.
It is from this judgment that 511, Edin and Fuoco now appeal.
In their brief filed in this Court, appellants contend that the trial judge erred in rendering judgment in favor of defendant. Appellants contend that the trial court erred in finding that this was exclusively a worker’s compensation issue because at the time of the occurrence, Chau was no longer an employee of 511, the insured. In support of this position, appellants rely on the affidavits of Edin and Fuoco, which state that at the time of their depositions which gave rise to the filing of the tort suit against them, Chau was not an employee of 511.' Further, appellants contend that defendant’s exception of no right of action was erroneously granted because the officers of a corporate named insured may sue on behalf of the corporation. Finally, appellants contend that summary judgment was inappropriate in this case where there remain many issues of material fact, including whether Chau’s injury occurred in course of her employment and whether the defamatory and tortious acts of defendants, Edin,and Fuoco, were intentionally committed.
The insurance policy in this case was introduced in the trial court as an attachment to defendant’s memorandum in support of its motion for summary judgment and peremptory exceptions. The exclusion relied on by First Financial in denying coverage in this case is contained in an amendatory endorsement to the policy and provides as follows: This insurance does not. apply:
(1) to “bodily injury” to any employee of the “insured” arising out of and in the course of his employment by the “insured” for which the “insured” may be held liable as an employer or in any other capacity;
In addition, the policy contains the following provision in the list of exclusions contained therein:
This insurance does not apply: ... to any obligation for which the “insured” or any carrier as his insurer may be held ■ liable under any workmen’s compensation, unemployment compensation or disability benefits law, or under any similar law.
The trial court apparently determined that these exclusions applied in the present case and precluded coverage on behalf of the named insured, 511 and the corporate officers, Edin and Fuoco. We find no error in this ruling.
The statements made by Edin and Fuoco in their depositions which form the basis of Chau’s suit against them occurred during worker’s compensation proceedings. There is no dispute that Chau sustained a work-related injury in October of 1992 which resulted in her worker’s compensation claim. However, appellant contends that the statements made in the July, 1993 deposition constitute a separate occurrence from the initial injury on October 7,1992.
We do not agree.
Worker’s compensation proceedings, by their very nature, arise from the claimant’s employment. At the time the objectionable statements- were made, Chau was attempting to secure benefits which were available only through her employment and the work-related injury. Even assuming Chau was no longer an employee of. the insured at the time the statements were made, we find that the facts of this case *1091 make it clear that statements made during the course of worker’s compensation proceedings fall within the course of Chau’s employment. Moreover, the specific statements of which Chau complains were made by executive officers of her corporate employer and dealt specifically with work-related subject matter, i.e., the amount of Chau’s compensation during her employment. In fact, the worker’s compensation law contains a provision which governs this type of situation and states that the alleged conduct by Edin and Fuoeo is subject to criminal penalties and fines. See, LSA-R.S. 23:1208.
Accordingly, we find that plaintiffs allegations against Edin and Fuoeo is clearly a matter which arises out of Chau’s employment and occurred within the course of her employment. Further, this is a claim for which the insured and its worker’s compensation carrier may be held liable as an employer, and under the clear terms of the subject policy, is excluded from coverage. We find no genuine issues of material fact in dispute regarding the issue of coverage under the policy which would defeat the summary judgment in this ease. Under the circumstances presented here, we find no error in the trial court’s determination that Chau’s claim against Edin and Fuoeo is exclusively a worker’s compensation issue for which the First Financial policy does not provide coverage. The summary judgment was properly granted.
Under the facts presented here, we find that as a matter of law, the insurance policy in this case provides no coverage for the suit filed by Kanethea Chau against officers of the 511 Bourbon Street Corporation, and these defendants are not entitled to a legal defense under the terms of the First Financial policy. We therefore affirm the trial court’s judgment granting defendant’s peremptory exceptions and motion for summary judgment and dismissing plaintiffs’ suit against First Financial. Appellants are to bear all costs of this appeal.

AFFIRMED.

. The policy was originally issued to 511 Bourbon Street Corporation d/b/a Takee Outee. However, the name of the restaurant changed in January of 1993 to Bourbon Street Bistro, and the policy was endorsed to reflect the name change to 511 Bourbon Street Corporation d/b/a Bourbon Street Bistro.